UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ESTEFANIA B.I., | Case No. 26-CV-0393 (PJS/SGE) |
| Petitioner, | |
| v. | ORDER |
| PAMELA BONDI, Attorney General;<br>KRISTI NOEM, Secretary, U.S.<br>Department of Homeland Security;<br>TODD M. LYONS, Acting Director of<br>Immigration and Customs Enforcement;<br>DAVID EASTERWOOD, Director of St.<br>Paul Field Office Immigration and<br>Customs Enforcement, | |
| Respondents. | |

Claire Glenn, CLIMATE DEFENSE PROJECT, for petitioner.

Ana H. Voss and Sarah Hogfoss, UNITED STATES ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on petitioner Estefania B.I.'s petition for a writ of habeas corpus.[1]  Estefania, a citizen of Ecuador, entered the United States unlawfully in 2023.  V. Pet. ¶ 13, ECF No. 13-1.  Estefania was apprehended by the Department of Homeland Security soon after her unlawful entry.  ECF No. 13-1.  During her processing, Estefania claimed fear of returning to Ecuador, was served a Notice to

---

[1] Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by first name and last initials.

Appear charging her with being an alien present in the United States who has not been admitted or paroled, and was released on her own recognizance.  ECF Nos. 13-1, 13-2.  On January 16, 2026, Estefania was arrested by United States Immigration and Customs Enforcement ("ICE") in Minnesota, where she lives with her nine-year-old son.  V. Pet. ¶¶ 15, 16.  Estefania has a pending asylum application and a work permit.  *Id.* ¶ 15.

During the pendency of this petition, Estefania was transported from ICE custody in Fort Snelling, Minnesota to El Paso, Texas, contrary to the Court's prior order, *see* ECF No. 4.  Respondents assured the Court that Estefania will be returned to Minnesota on January 24, 2026.  ECF No. 12 at 2–3.[2]

Respondents take the position that Estefania is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore is not entitled to a bond hearing under 8 U.S.C. § 1226(a).  This position reflects both new interim guidance from ICE and recent precedent from the Board of Immigration Appeals finding that § 1225, rather than § 1226, applies to aliens who entered unlawfully and have been residing in the United States.  *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025)

---

[2]Estefania's emergency motion for an order directing respondents to show cause whether they are in contempt of the Court's prior order, *see* ECF No. 4, is denied without prejudice as moot based on respondents' assurances to the Court that Estefania is being returned to Minnesota imminently, *see* ECF No. 12 at 3.  Estefania's counsel may refile the motion should Estefania not, in fact, be returned to Minnesota.

(discussing the interim guidance); *Matter of Yajure* Hurtado, 29 I. & N. Dec. 216, 229 (BIA 2025).

Following her arrest, Estefania filed this habeas action. This is one of numerous recent cases challenging the application of § 1225(b)(2) to aliens who are unlawfully living in the United States. This Court recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them. *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025). As the Court has previously noted, although respondents' argument that *Santos M.C.* was wrongly decided has some force, the Court continues to believe that the better reading is that § 1225(b)(2) does not apply to aliens, such as Estefania, who entered unlawfully and are already present and living in the United States.[3]

As to remedy: Respondents argue that release is not warranted, but that the Court should instead order a bond hearing pursuant to § 1226(a). Estefania was previously conditionally released under § 1226(a), however, *see* ECF No. 13-1, and respondents have offered no evidence or argument that Estefania has violated those conditions or that any other circumstances have changed. The Court will therefore grant Estefania's petition and order her release. *See Ahmed M. V. Bondi*, No. 26-CV-0336 (PJS/DJF), ECF No. 6 (D. Minn. Jan. 20, 2026) (ordering release where petitioner was

---

[3]The Court notes that respondents' arguments to the contrary are preserved for appeal. *See* ECF No. 12 at 4.

previously released on conditions, did not violate any terms of the release, and had a pending asylum application); *Abdiqadir A. v. Bondi*, No. 26-CV-0272 (JMB/DTS), 2026 WL 125577, at *2 (D. Minn. Jan. 16, 2026) (same); *Tumba v. Francis*, No. 25-CV-8110 (LJL), 2025 WL 3079014, at *7–9 (S.D.N.Y. Nov. 4, 2025) (ordering release because, before release under § 1226(a) may be revoked, the government must first make a discretionary decision to do so; the government's invocation of mandatory detention under § 1225 showed that no such discretionary decision was made).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED.

2. The Court DECLARES that petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

3. Respondents must immediately return petitioner to Minnesota and release her from custody, subject to the conditions of her prior order of release on recognizance.

4. The remainder of petitioner's petition is DENIED WITHOUT PREJUDICE.

5. Petitioner's emergency motion for order to show cause [ECF No. 7] is DENIED WITHOUT PREJUDICE as moot.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 26, 2026

                                                                      Patrick J. Schiltz, Chief Judge
                                                                       United States District Court